**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT – LAW DIVISION**

| | | |
|---|---|---|
| CHRISTINE M. JONES, individually and<br>SPECIAL ADMINISTRATOR OF<br>THE ESTATE OF TIMOTHY JONES, | ) ) ) ) | |
| Plaintiffs, | ) ) | No. |
| vs. | ) ) | |
| UNION PACIFIC RAILROAD COMPANY<br>AND STEVEN PIGNATO, | ) ) ) | |
| Defendants. | ) ) | |

```
2012L000011
CALENDAR/ROOM H
TIME 00:00
Raliroad FELA
```

**CIVIL ACTION COVER SHEET-CASE INITIATION**

A Civil Action Cover Sheet-Case initiation shall be filed with the
complaint in all civil actions. The information contained herein is for
administrative purposes only and cannot be introduced into evidence.
Please check the box in front of the appropriate case type which best
characterizes your action. ONLY ONE (1) CASE TYPE MAY BE
CHECKED WITH THIS COVER SHEET.

Jury Demand – ☒ Yes ☐ No

**FILED**
2012 JAN -3 AM II: 23
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
LAW DIVISION

**PERSONAL INJURY/WRONGFUL DEATH**
CASE TYPES:
- ☐ 027 Motor Vehicle
- ☐ 040 Medical Malpractice
- ☐ 047 Asbestos
- ☐ 048 Dram Shop
- ☐ 049 Product Liability
- ☐ 051 Construction Injuries
  (Including Structural work Act, Road
  Construction Injuries Act and negligence)
- ☒ 052 Railroad/FELA
- ☐ 053 Pediatric Lead Exposure
- ☐ 061 Other Personal Injury/Wrongful Death
- ☐ 063 Intentional Tort
- ☐ 064 Miscellaneous Statutory Action
  *(Please Specify Below **)*
- ☐ 065 Premises Liability
- ☐ 078 Fen-phen/Redux Litigation
- ☐ 199 Silicone Implant

**COMMERCIAL LITIGATION**
CASE TYPES:
- ☐ 002 Breach of Contract
- ☐ 070 Professional Malpractice
  (other than legal or medical)
- ☐ 071 Fraud
- ☐ 072 Consumer Fraud
- ☐ 073 Breach of Warranty
- ☐ 074 Statutory Action
  *(Please Specify Below **)*
- ☐ 075 Other Commercial Litigation
  *(Please Specify Below **)*
- ☐ 076 Retaliatory discharge

**TAX & MISCELLANEOUS REMEDIES**
CASE TYPES:
- ☐ 007 Confession of Judgment
- ☐ 008 Replevin
- ☐ 009 Tax
- ☐ 015 Condemnation
- ☐ 017 Detinue
- ☐ 029 Unemployment Compensation
- ☐ 036 Administrative Review Action
- ☐ 085 Petition to Register Foreign Judgment
- ☐ 099 All Other Extraordinary Remedies

**OTHER ACTIONS**
CASE TYPES:
- ☐ 062 Property Damage
- ☐ 066 Legal Malpractice
- ☐ 077 Libel/Slander
- ☐ 079 Petition for Qualified Orders
- ☐ 084 Petition to Issue Subpoena
- ☐ 100 Petition for Discovery

**

By: _Sharon A. Warner_
(Attorney) (Pro Se)

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

**EXHIBIT 1**



```
CLERK OF THE CIRCUIT COURT - COOK COUNTY
00072221  Law-01      1/3/2012 11:41AM
ATTY: 40025   015 SSHAW
AD DAMNUM:              $50,001.00
CASE NO: 2012L000011    CALENDAR: H
COURT DATE: 0/0/0000 12:00AM
CASE TOTAL: $567.00
12 Jurors 3             $230.00
Automation               $15.00
Document Storage         $15.00
Law Library              $21.00
Arbitration              $10.00
Base Filing Fee 6       $240.00
Dispute Resolution        $1.00
Court Services           $25.00
Children Waiting Rm      $10.00
CHECK NO: 2564
CHECK AMOUNT:           $567.00
CHANGE                    $0.00
TRANSACTION TOTAL:      $567.00
```

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| CHRISTINE M. JONES, individually and | ) | |
| SPECIAL ADMINISTRATOR OF | ) | 2012L000011 |
| THE ESTATE OF TIMOTHY JONES, | ) | CALENDAR/ROOM H |
| | ) | TIME 00:00 |
| Plaintiffs, | ) | Railroad FELA |
| | ) | |
| v. | ) | No. |
| | ) | |
| UNION PACIFIC RAILROAD COMPANY | ) | |
| AND STEVEN PIGNATO, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## COUNT I
## NEGLIGENCE

Now comes CHRISTINE M. JONES, individually and as SPECIAL

ADMINISTRATOR OF THE ESTATE OF TIMOTHY JONES, by and through her

attorneys WARNER LAW OFFICE and come complaining of the Defendant, UNION

PACIFIC RAILROAD, as follows:

1.      That at all relevant time TIMOTHY JONES; decedent lived at One

N. Chestnut Street, Hawthorne Woods, County of Lake, State of

Illinois.

2.      That on or before June 27, 2002 TIMOTHY JONES was married

to CHRISTINE M. JONES.

3.      At the time of his death TIMOTHY JONES was the father to four

children.   Kyle Jones born on January 21, 1983;  Kelcey Jones

born on November 11, 1987;  Kennedy Jones born on November

28, 1999 and Kolbie Jones born on April 25, 2001.

4.  CHRISTINE M. JONES, as duly appointed Special Administrator of the Estate of TIMOTHY JONES, brings this action. (Order Attached)

5.  On and prior to August 4, 2010 the Defendant, UNION PACIFIC RAILROAD, was a Delaware corporation whose principal place of business is in Omaha Nebraska that was licensed and qualified to do business in Cook County Illinois and was doing business in Cook County Illinois.

6.  That at all relevant time the Defendant, UNION PACIFIC RAILROAD, was and is a corporation which by its charter owns and runs railroad operations for profit of its shareholders.

7.  On and prior to August 4, 2010 the Defendant, UNION PACIFIC RAILROAD, owned, operated, maintained, inspected, managed and controlled certain railroad tracks that intersected River Roads near Miner Street in the city of Des Plaines, County of Cook, State of Illinois.

8.  On and prior to August 4, 2010 the Defendant, UNION PACIFIC RAILROAD, designed, constructed, owned , maintained, inspected, managed, and controlled certain crossing gates and signals at the aforementioned railroad crossing that were designed to regulate railroad and automobile traffic at that crossing.

9.     That on August 4, 2010 the aforementioned railroad crossing was open to the general public, including the decedent, TIMOTHY JONES.

10.     That at all relevant time herein, the Defendant, UNION PACIFIC RAILROAD, owed Plaintiffs the duty, *inter alia*, to exercise ordinary and reasonable care in designing, constructing, inspecting, maintaining, repairing and operating the aforementioned crossing gates and signals in a reasonably safe condition.

11.     That at all relevant time herein the Defendant, UNION PACIFIC RAILROAD, owed Plaintiffs the duty, to provide at a minimum, 20 seconds of continuous warning that a train was approaching the crossing prior to the train entering the crossing.

12.     That at all relevant time herein, the Defendant, UNION PACIFIC RAILROAD, owed Plaintiffs the duty to insure that both of the railroad gates would be completely down for five seconds prior to the train entering the intersection.

13.     That at all relevant time herein, the Defendant, UNION PACIFIC RAILROAD, owed Plaintiffs the duty to provide a gate and warning system which would operate on a fail safe principal keeping the gates down if the system malfunctioned.

14.     That on and before August 4, 2010 the gate and warning system had as one of its component parts a switch which had a motion detection component which allowed the gates once activated to go

3

back up if the system did not detect movement of a train for a given period of time.

15.    That at all relevant time the Defendant, UNION PACIFIC RAILROAD, was contracted for profit with METRA to provide its railroad tracks and employee engineers to operate METRA's rolling stock.

16.    That at all relevant time herein, the Defendant, UNION PACIFIC RAILROAD, owed Plaintiffs the duty, to provide safe railroad tracks and warning systems and engineers who complied with all safe practices.

17.    At all relevant time herein the Defendant, UNION PACIFIC RAILROAD, owed Plaintiffs the duty, to activate the whistle if a car was between the railroad gates as a train was approaching the crossing.

18.    On or about August 4, 2010 the Defendant, UNION PACIFIC RAILROAD, by and through its employees, servants, and actual and apparent agents, breached the duty owed to TIMOTHY JONES by committing one or more of the following negligent acts or omissions:

i.    Carelessly and negligently failed to inspect and maintain the railroad warning system;

4

ii. Carelessly and negligently failed to properly design the railroad warning system to ensure that the system would operate under the fail safe principals;

iii. Carelessly and negligently failed to ensure the warning system would give the public driving across the tracks twenty seconds of continuous warning prior to the train to reach the roadway;

iv. Carelessly and negligently failed to properly maintain the railroad rails and warning system to ensure that it would not fail to provide proper time for the passenger vehicles to clear the intersection after the gates descended;

v. Carelessly and negligently failed to properly inspect the railroad rails and warning system to ensure that the system provided proper time for vehicles to clear the intersection after the system was activated;

vi. Carelessly and negligently failed to ensure that if the system improperly shunted that the system would remain in the fail safe position until it could be ensured that the public would be safe prior to the train entering the roadway;

vii. Carelessly and negligently failed to ensure that both of the gates remained in the full down position for at least five seconds prior to the train entering the roadway;

viii. Carelessly and negligently failed to ensure the gates system was properly maintained;

ix. Carelessly and negligently failed to ensure that the gates system did not malfunction and

x. Carelessly and negligently failed to ensure that both gates activated at the same time to ensure the gate timing met all crossing criteria and timing required under the existing laws and

xi. Were otherwise careless or negligence.

19. As a direct and proximate result of the negligence acts or omissions of the Defendant, through its agents, servants and/or employees, the aforementioned METRA engine 160 struck the vehicle being operated by TIMOTHY JONES at the aforementioned railroad crossing.

20. As a direct and proximate cause of the careless and negligent acts or omissions of the Defendant's employees, agents and actual and apparent agents, the Plaintiff, TIMOTHY JONES , sustained serious and permanent injuries, both internally and externally, and he thereupon suffered great physical pain prior to his death.

WHEREFORE the Plaintiff, CHRISTINE M. JONES, individually and as SPECIAL ADMINISTRATOR OF THE ESTATE OF TIMOTHY JONES, prays for judgment in her favor and against the Defendant, UNION PACIFIC RAILROAD COMPANY, in an amount in excess of $50,000.00, plus costs of this lawsuit and all other appropriate relief.

<u>COUNT II</u>
<u>WRONGFUL DEATH</u>

6

New comes CHRISTINE M. JONES, individually and as SPECIAL

ADMINISTRATOR OF THE ESTATE OF TIMOTHY JONES, by and through her

attorneys WARNER LAW OFFICE and come complaining of the Defendant, UNION

PACIFIC RAILROAD, as follows:

21.     That at all relevant times TIMOTHY JONES; decedent lived at

One N. Chestnut Street, Hawthorne Woods, County of Lake, State

of Illinois.

22.     That on or before June 27, 2002 TIMOTHY JONES was married

to CHRISTINE M. JONES.

23.     At the time of his death TIMOTHY JONES was the father to four

children.  Kyle Jones born on January 21, 19 83;  Kelcey Jones

born on November 11, 1987;  Kennedy Jones born on November

28, 1999 and Kolbie Jones born on April 25, 2001.

24.     On and prior to August 4, 2010 the Defendant, UNION PACIFIC

RAILROAD, was a Delaware corporation whose principal place of

business is in Omaha, Nebraska that was licensed and qualified to

do business in Cook County Illinois and was doing business in

Cook County Illinois.

25.     That at all relevant times the Defendant, UNION PACIFIC

RAILROAD, was and is a corporation which by its charter owns

and runs railroad operations for profit of its shareholders.

26.     On and prior to August 4, 2010 the Defendant, UNION PACIFIC

RAILROAD, owned, operated, maintained, inspected, managed

and controlled certain railroad tracts that intersected River Roads near Miner Street in city Des Plaines, County of Cook, State of Illinois.

27. On and prior to August 4, 2010 the Defendant, UNION PACIFIC RAILROAD, designed, constructed, owned , maintained, inspected, managed, and controlled certain crossing gates and signals at the aforementioned railroad crossing that were designed to regulate railroad and automobile traffic at that crossing.

28. That on August 4, 2010 the aforementioned railroad crossing was open to the general public, including the decedent, TIMOTHY JONES.

29. That at all relevant time herein, the Defendant, UNION PACIFIC RAILROAD, owed Plaintiffs the duty, *inter alia*, to exercise ordinary and reasonable care in designing, constructing, inspecting, maintaining, repairing and operating the aforementioned crossing gates and signals in a reasonably safe condition.

30. That at all relevant time herein, the Defendant, UNION PACIFIC RAILROAD, owed Plaintiffs the duty, to provide at a minimum, 20 seconds of continuous warning that a train was approaching the crossing prior to the train entering the crossing.

31. That at all relevant time herein, the Defendant, UNION PACIFIC RAILROAD, owed Plaintiffs the duty to insure that both of the

8

railroad gates would be completely down for five seconds prior to the train entering the intersection.

32. That at all relevant time herein, the Defendant, UNION PACIFIC RAILROAD, owed Plaintiffs the duty to provide a gate and warning system which would operate on a fail safe principal keeping the gates down if the system malfunctioned.

33. That on and before August 4, 2010 the gate and warning system had as one of its component parts a switch which had a motion detection component which allowed the gates once activated to go back up if the system did not detect movement of a train.

34. That at all relevant time the Defendant, UNION PACIFIC RAILROAD, was contracted for profit with METRA to provide its railroad tracts and employee engineers to operate METRA's rolling stock.

35. That at all relevant time herein, the Defendant, UNION PACIFIC RAILROAD, owed Plaintiffs the duty, to provide safe railroad tracks and warning systems and engineers who complied with all safe practices.

36. At all relevant time herein the Defendant, UNION PACIFIC RAILROAD, owed Plaintiffs the duty, to activate the whistle if a car was between the railroad gates as a train was approaching the crossing.

On or about August 4, 2010 the Defendant, UNION PACIFIC
RAILROAD, by and through its employees, servants, and actual
and apparent agents, breached the duty owed to TIMOTHY
JONES by committing one or more of the following negligent acts
or omissions:

i.   Carelessly and negligently failed to inspect and maintain the
     railroad warning system;

ii.  Carelessly and negligently failed to properly design the railroad
     warning system to ensure that the system would operate under
     the fail safe principals;

iii. Carelessly and negligently failed to ensure the warning system
     would give the public driving across the tracks twenty seconds
     of continuous warning prior to the train to reach the roadway;

iv.  Carelessly and negligently failed to properly maintain the
     railroad rails and warning system to ensure that it would not
     fail to provide proper time for the passenger vehicles to clear
     the intersection after the gates descended;

v.   Carelessly and negligently failed to properly inspect the
     railroad rails and warning system to ensure that the system
     provided proper time for vehicles to clear the intersection after
     the system was activated;

vi.  Carelessly and negligently failed to ensure that if the system
     improperly shunted that the system would remain in the fail

10

safe position until it could be ensured that the public would be

safe prior to the train entering the roadway;

vii.  Carelessly and negligently failed to ensure that both of the

gates remained in the full down position for at least five

seconds prior to the train entering the roadway;

viii.  Carelessly and negligently failed to ensure the gates system

was properly maintained;

ix.  Carelessly and negligently failed to ensure that the gates

system did not malfunction;

x.  Carelessly and negligently failed to ensure that both gates

activated at the same time to ensure the gate timing met all

crossing criteria and timing required under the existing laws

and

xi.  Were otherwise careless or negligence.

38.    As a direct and proximate result of the negligence acts or

omissions of the Defendant, through its agents, servants and/or

employees, the aforementioned METRA engine 160 struck the

vehicle being operated by TIMOTHY JONES at the

aforementioned railroad crossing.

39.    At all relevant time there was in force and effect a statute

commonly known as the Wrongful Death Act (740 ILCS 180/1 et.

seq.)

11

CHRISTINE M. JONES, as duly appointed Special Administrator of the Estate of TIMOTHY JONES, brings this action under the Wrongful Death Act. (Order Attached)

41.     As a direct and proximate cause of the careless and negligent acts or omissions of the Defendant's employees, agents and actual and apparent agents, the Plaintiff, TIMOTHY JONES , sustained serious and permanent injuries, both internally and externally, and he thereupon suffered great physical pain prior to his death.

42.     As a direct and proximate cause of the careless and negligent acts or omissions of the Defendant's employees, agents and actual and apparent agents, the Estate of TIMOTHY JONES, sustained serious damages, both emotional and monetary, as a result of his death.

WHEREFORE the Plaintiff, CHRISTINE M. JONES, individually and as SPECIAL ADMINISTRATOR OF THE ESTATE OF TIMOTHY JONES, prays for judgment in her favor and against the Defendant, UNION PACIFIC RAILROAD COMPANY, in an amount in excess of $50,000.00, plus costs of this lawsuit and all other appropriate relief.

## COUNT III
## NEGLIGENCE
## STEVEN PIGNATO

Now comes CHRISTINE M. JONES, individually and as SPECIAL ADMINISTRATOR OF THE ESTATE OF TIMOTHY JONES, by and through her

12

attorneys WARNER LAW OFFICE and come complaining of the Defendant, STEVEN

PIGNATO, as follows:

43.       That at all relevant times TIMOTHY JONES; decedent lived at One N. Chestnut Street, Hawthorne Woods, County of Lake, State of Illinois.

44.       That at all relevant time, the Defendant, STEVEN PIGNATO, was an employee of the Defendant, UNION PACIFIC RAILROAD COMPANY, and resided at 423 N. Washington Street, Janesville, Wisconsin.

45.       That on or before June 27, 2002 TIMOTHY JONES was married to CHRISTINE M. JONES.

46.       CHRISTINE M. JONES, as duly appointed Special Administrator of the Estate of TIMOTHY JONES, brings this action. (Order Attached)

47.       At the time of his death TIMOTHY JONES was the father to four children. Kyle Jones born on January 21, 1983; Kelcey Jones born on November 11, 1987; Kennedy Jones born on November 28, 1999 and Kolbie Jones born on April 25, 2001.

48.       On and prior to August 4, 2010 the Defendant, UNION PACIFIC RAILROAD, was a Delaware corporation whose principal place of business is in Omaha Nebraska that was licensed and qualified to do business in Cook County Illinois and was doing business in Cook County Illinois.

13

49.        That at all relevant time the Defendant, STEVEN PIGNATO, resided at 423 N. Washington Street, Janesville, Wisconsin.

50.        That at all relevant time the Defendant, UNION PACIFIC RAILROAD, was and is a corporation which by its charter owns and runs railroad operations for profit of its shareholders.

51.        On and prior to August 4, 2010 the Defendant, UNION PACIFIC RAILROAD, owned, operated, maintained, inspected, managed and controlled certain railroad tracks that intersected River Roads near Miner Street in the city of Des Plaines, County of Cook, State of Illinois.

52.        On and prior to August 4, 2010 the Defendant, UNION PACIFIC RAILROAD, designed, constructed, owned , maintained, inspected, managed, and controlled certain crossing gates and signals at the aforementioned railroad crossing that were designed to regulate railroad and automobile traffic at that crossing.

53.        That on August 4, 2010 the aforementioned railroad crossing was open to the general public, including the decedent, TIMOTHY JONES.

54.        That at all relevant time herein, the Defendant, STEVEN PIGNATO, owed Plaintiffs the duty, *inter alia*, to exercise ordinary and reasonable care in his operation of the train.

55.        That at all relevant time the Defendant, UNION PACIFIC RAILROAD, was contracted for profit with METRA to provide its

railroad tracks and employee engineers to operate METRA's rolling stock.

56.     At all relevant times herein the Defendant, STEVEN PIGNATO, owed Plaintiffs the duty, to activate the whistle if a car was between the railroad gates as a train was approaching the crossing.

57.     On or about August 4, 2010 the Defendant, STEVEN PIGNATO, breached the duty owed to TIMOTHY JONES by committing one or more of the following negligent acts or omissions:

i.   Carelessly and negligently failed to reduce the speed of the train so as to avoid a collision;

ii.  Carelessly and negligently failed to engage the train whistle in order to warn the plaintiff of the oncoming train;

iii. Carelessly and negligently failed to engage the emergency brakes when the gate failed to timely activate;

iv.  Carelessly and negligently failed to activate the train whistle so the plaintiff could take precautions and stop his vehicle;

v.   Carelessly and negligently failed to keep a proper and sufficient lookout for automobiles that were likely to be on the tracks;

vi.  Operated the train at a speed that was at a speed that was greater than was reasonable given the presenting circumstances;

vii. Carelessly and negligently failed to ensure the gates system was properly maintained;

viii. Carelessly and negligently allowed the train to enter the intersection when the gates had not be in the down position for enough time;

ix. Carelessly and negligently allowed the train to enter the intersection without the warning signals being continually activated for the proper period of time;

x. Were otherwise careless or negligent.

58.    As a direct and proximate result of the negligent acts or omissions of the Defendant, STEVEN PIGNATO, while operating the METRA engine 160 struck the vehicle being operated by TIMOTHY JONES at the aforementioned railroad crossing.

59.    As a direct and proximate cause of the careless and negligent acts or omissions of the Defendant's employees, agents and actual and apparent agents, the Plaintiff, TIMOTHY JONES , sustained serious and permanent injuries, both internally and externally, and he thereupon suffered great physical pain prior to his death.

WHEREFORE the Plaintiff, CHRISTINE M. JONES, individually and as SPECIAL ADMINISTRATOR OF THE ESTATE OF TIMOTHY JONES, prays for judgment in her favor and against the Defendant, STEVEN PIGNATO, in an amount in excess of $50,000.00, plus costs of this lawsuit and all other appropriate relief.

## IV

16

## WRONGFUL DEATH
## STEVEN PIGNATO

Now comes CHRISTINE M. JONES, individually and as SPECIAL ADMINISTRATOR OF THE ESTATE OF TIMOTHY JONES, by and through her attorneys WARNER LAW OFFICE and come complaining of the Defendant, STEVEN PIGNATO, as follows:

60. That at all relevant time TIMOTHY JONES, decedent lived at One N. Chestnut Street, Hawthorne Woods, County of Lake, State of Illinois.

61. That at all relevant time, the Defendant, STEVEN PIGNATO, was an employee of the Defendant, UNION PACIFIC RAILROAD COMPANY, and resided at 423 N. Washington Street, Janesville, Wisconsin.

62. That on or before June 27, 2002 TIMOTHY JONES was married to CHRISTINE M. JONES.

63. At the time of his death TIMOTHY JONES was the father to four children. Kyle Jones born on January 21, 19 83; Kelcey Jones born on November 11, 1987; Kennedy Jones born on November 28, 1999 and Kolbie Jones born on April 25, 2001.

64. CHRISTINE M. JONES, as duly appointed Special Administrator of the Estate of TIMOTHY JONES, brings this action. (Order Attached)

65.     On and prior to August 4, 2010 the Defendant, UNION PACIFIC RAILROAD, was a Delaware corporation whose principal place of business is in Omaha Nebraska that was licensed and qualified to do business in Cook County Illinois and was doing business in Cook County Illinois.

66.     That at all relevant times the Defendant, UNION PACIFIC RAILROAD, was and is a corporation which by its charter owns and runs railroad operations for profit of its shareholders.

67.     On and prior to August 4, 2010 the Defendant, UNION PACIFIC RAILROAD, owned, operated, maintained, inspected, managed and controlled certain railroad tracks that intersected River Roads near Miner Street in the city of Des Plaines, County of Cook, State of Illinois.

68.     That at all relevant time the Defendant, STEVEN PIGNATO, resided at 423 N. Washington Street, Janesville, Wisconsin.

69.     On and prior to August 4, 2010 the Defendant, UNION PACIFIC RAILROAD, designed, constructed, owned , maintained, inspected, managed, and controlled certain crossing gates and signals at the aforementioned railroad crossing that were designed to regulate railroad and automobile traffic at that crossing.

70.     That on August 4, 2010 the aforementioned railroad crossing was open to the general public, including the decedent, TIMOTHY JONES.

71.     STEVEN PIGNATO, owed Plaintiffs the duty, *inter alia*, to exercise ordinary and reasonable care in his operation of the train.

72.     That at all relevant time the Defendant, UNION PACIFIC RAILROAD, was contracted for profit with METRA to provide its railroad tracks and employee engineers to operate METRA's rolling stock.

73.     At all relevant time herein the Defendant, STEVEN PIGNATO, owed Plaintiffs the duty, to activate the whistle if a car was between the railroad gates as a train was approaching the crossing.

74.     On or about August 4, 2010 the Defendant, STEVEN PIGNATO, breached the duty owed to TIMOTHY JONES by committing one or more of the following negligent acts or omissions:

i.     Carelessly and negligently failed to reduce the speed of the train so as to avoid a collision;

ii.    Carelessly and negligently failed to engage the train whistle in order to warn the plaintiff of the oncoming train;

iii.   Carelessly and negligently failed to engage the emergency brakes when the gate failed to timely activate;

iv.    Carelessly and negligently failed to activate the train whistle so the plaintiff could take precautions and stop his vehicle;

v.     Carelessly and negligently failed to keep a proper and sufficient lookout for automobiles that were likely to be on the tracks;

19

vi. Operated the train at a speed that was at a speed that was grater then was reasonable given the presenting circumstances;

vii. Carelessly and negligently failed to ensure the gates system was properly maintained;

viii. Carelessly and negligently allowed the train to enter the intersection when the gates had not be in the down position for enough time;

ix. Carelessly and negligently allowed the train to enter the intersection without the warning signals being continually activated for the proper period of time;

x. Were otherwise careless or negligent.

75. As a direct and proximate result of the negligent acts or omissions of the Defendant, STEVEN PIGNATO, while operating the METRA engine 160 struck the vehicle being operated by TIMOTHY JONES at the aforementioned railroad crossing.

76. At all relevant time there was in force and effect a statute commonly known as the Wrongful Death Act (740 ILCS 180/1 et. seq.)

77. CHRISTINE M. JONES, as duly appointed Special Administrator of the Estate of TIMOTHY JONES, brings this action under the Wrongful Death Act.

78. As a direct and proximate cause of the careless and negligent acts or omissions of the Defendant's employees, agents and actual and

apparent agents, the Plaintiff, TIMOTHY JONES , sustained

serious and permanent injuries, both internally and externally, and

he thereupon suffered great physical pain prior to his death.

79.     As a direct and proximate cause of the careless and negligent acts

or omissions of the Defendant's employees, agents and actual and

apparent agents, the Estate of TIMOTHY JONES, sustained

serious damages, both emotional and monetary, as a result of his

death.

WHEREFORE the Plaintiff, CHRISTINE M. JONES, individually and as

SPECIAL ADMINISTRATOR OF THE ESTATE OF TIMOTHY JONES, prays for

judgment in her favor and against the Defendant, STEVEN PIGNATO, in an amount in

excess of $50,000.00, plus costs of this lawsuit and all other appropriate relief.

## COUNT V
## RESPONDENT SUPERIOR
## UNION PACIFIC RAILROAD COMPANY
## NEGLIGENCE

Now comes CHRISTINE M. JONES, individually and as SPECIAL

ADMINISTRATOR OF THE ESTATE OF TIMOTHY JONES, by and through her

attorneys WARNER LAW OFFICE and come complaining of the Defendant, UNION

PACIFIC RAILROAD, as follows:

80.     That at all relevant time TIMOTHY JONES, decedent lived at One

N. Chestnut Street, Hawthorne Woods, County of Lake, State of

Illinois.

21

81.     That at all relevant time, the Defendant, STEVEN PIGNATO, was an employee of the Defendant, UNION PACIFIC RAILROAD COMPANY, and resided at 423 N. Washington Street, Janesville, Wisconsin.

82.     That on or before June 27, 2002 TIMOTHY JONES was married to CHRISTINE M. JONES.

83.     At the time of his death TIMOTHY JONES was the father to four children. Kyle Jones born on January 21, 19 83; Kelcey Jones born on November 11, 1987; Kennedy Jones born on November 28, 1999 and Kolbie Jones born on April 25, 2001.

84.     CHRISTINE M. JONES, as duly appointed Special Administrator of the Estate of TIMOTHY JONES, brings this action. (Order Attached)

85.     On and prior to August 4, 2010 the Defendant, UNION PACIFIC RAILROAD, was a Delaware corporation whose principal place of business is in Omaha Nebraska that was licensed and qualified to do business in Cook County Illinois and was doing business in Cook County Illinois.

86.     That at all relevant time the Defendant, UNION PACIFIC RAILROAD, was and is a corporation which by its charter owns and runs railroad operations for profit of its shareholders.

87.     On and prior to August 4, 2010 the Defendant, UNION PACIFIC RAILROAD, owned, operated, maintained, inspected, managed

22

and controlled certain railroad tracts that intersected River Roads near Miner Street in city Des Plaines, County of Cook, State of Illinois.

88.    On and prior to August 4, 2010 the Defendant, UNION PACIFIC RAILROAD, designed, constructed, owned , maintained, inspected, managed, and controlled certain crossing gates and signals at the aforementioned railroad crossing that were designed to regulate railroad and automobile traffic at that crossing.

89.    That on August 4, 2010 the aforementioned railroad crossing was open to the general public, including the decedent, TIMOTHY JONES.

90.    That at all relevant time herein, the Defendant, UNION PACIFIC RAILROAD COMPANY, through its agents, employees or contractor owed Plaintiffs the duty, *inter alia*, to exercise ordinary and reasonable care in his operation of the train.

91.    That at all relevant time the Defendant, UNION PACIFIC RAILROAD, was contracted for profit with METRA to provide its railroad tracks and employee engineers to operate METRA's rolling stock.

92.    At all relevant time herein the Defendant, UNION PACIFIC RAILROAD COMPANY, through its agents, employees or contractor, owed Plaintiffs the duty, to activate the whistle if a car

23

was between the railroad gates as a train was approaching the crossing.

93.     On or about August 4, 2010 the Defendant, UNION PACIFIC RAILROAD COMPANY, breached the duty owed to TIMOTHY JONES by committing one or more of the following negligent acts or omissions:

i.   Carelessly and negligently failed to reduce the speed of the train so as to avoid a collision;

ii.  Carelessly and negligently failed to engage the train whistle in order to warn the plaintiff of the oncoming train;

iii. Carelessly and negligently failed to engage the emergency brakes when the gate failed to timely activate;

iv.  Carelessly and negligently failed to activate the train whistle so the plaintiff could take precautions and stop his vehicle;

v.   Carelessly and negligently failed to keep a proper and sufficient lookout for automobiles that were likely to be on the tracks;

vi.  Operated the train at a speed that was at a speed that was grater than was reasonable given the presenting circumstances;

vii. Carelessly and negligently failed to ensure the gates system was properly maintained;

24

    viii.  Carelessly and negligently allowed the train to enter the intersection when the gates had not be in the down position for enough time;

    ix.  Carelessly and negligently allowed the train to enter the intersection without the warning signals being continually activated for the proper period of time;

    x.  Were otherwise careless or negligence.

94.    As a direct and proximate result of the negligence acts or omissions of the Defendant, UNION PACIFIC RAILROAD COMPANY, through its agents, employees or contractor, while operating the METRA engine 160 struck the vehicle being operated by TIMOTHY JONES at the aforementioned railroad crossing.

95.    As a direct and proximate cause of the careless and negligent acts or omissions of the Defendant's employees, agents and actual and apparent agents, the Plaintiff, TIMOTHY JONES , sustained serious and permanent injuries, both internally and externally, and he thereupon suffered great physical pain prior to his death.

WHEREFORE the Plaintiff, CHRISTINE M. JONES, individually and as SPECIAL ADMINISTRATOR OF THE ESTATE OF TIMOTHY JONES, prays for judgment in her favor and against the Defendant, UNION PACIFIC RAILROAD COMPANY, in an amount in excess of $50,000.00, plus costs of this lawsuit and all other appropriate relief.

## COUNT VI
## RESPONDENT SUPERIOR
## UNION PACIFIC RAILROAD COMPANY
## WRONGFUL DEATH

Now comes CHRISTINE M. JONES, individually and as SPECIAL

ADMINISTRATOR OF THE ESTATE OF TIMOTHY JONES, by and through her

attorneys WARNER LAW OFFICE and come complaining of the Defendant, UNION

PACIFIC RAILROAD, as follows:

96.      That at all relevant time TIMOTHY JONES; decedent lived at One

N. Chestnut Street, Hawthorne Woods, County of Lake, State of

Illinois.

97.      That at all relevant time, the Defendant, STEVEN PIGNATO, was

an employee of the Defendant, UNION PACIFIC RAILROAD

COMPANY, and resided at 423 N. Washington Street, Janesville,

Wisconsin.

98.      That on or before June 27, 2002 TIMOTHY JONES was married

to CHRISTINE M. JONES.

99.      At the time of his death TIMOTHY JONES was the father to four

children. Kyle Jones born on January 21, 19 83; Kelcey Jones

born on November 11, 1987; Kennedy Jones born on November

28, 1999 and Kolbie Jones born on April 25, 2001.

100.      CHRISTINE M. JONES, as duly appointed Special Administrator

of the Estate of TIMOTHY JONES, brings this action. (Order

Attached)

26

101.     On and prior to August 4, 2010 the Defendant, UNION PACIFIC

RAILROAD, was a Delaware corporation whose principal place of

business is in Omaha Nebraska that was licensed and qualified to

do business in Cook County Illinois and was doing business in

Cook County Illinois.

102.     That at all relevant times the Defendant, UNION PACIFIC

RAILROAD, was and is a corporation which by its charter owns

and runs railroad operations for profit of its shareholders.

103.     On and prior to August 4, 2010 the Defendant, UNION PACIFIC

RAILROAD, owned, operated, maintained, inspected, managed

and controlled certain railroad tracts that intersected River Roads

near Miner Street in city Des Plaines, County of Cook, State of

Illinois.

104.     On and prior to August 4, 2010 the Defendant, UNION PACIFIC

RAILROAD, designed, constructed, owned , maintained,

inspected, managed, and controlled certain crossing gates and

signals at the aforementioned railroad crossing that were designed

to regulate railroad and automobile traffic at that crossing.

105.     That on August 4, 2010 the aforementioned railroad crossing was

open to the general public, including the decedent, TIMOTHY

JONES.

106.     That at all relevant time herein, the Defendant, UNION PACIFIC

RAILROAD COMPANY, through its agents, employees or

27

contractor owed Plaintiffs the duty, *inter alia*, to exercise ordinary and reasonable care in his operation of the train.

107.    That at all relevant time the Defendant, UNION PACIFIC RAILROAD, was contracted for profit with METRA to provide its railroad tracks and employee engineers to operate METRA's rolling stock.

108.    At all relevant time herein the Defendant, UNION PACIFIC RAILROAD COMPANY, through its agents, employees or contractor, owed Plaintiffs the duty, to activate the whistle if a car was between the railroad gates as a train was approaching the crossing.

109.    On or about August 4, 2010 the Defendant, UNION PACIFIC RAILROAD COMPANY, breached the duty owed to TIMOTHY JONES by committing one or more of the following negligent acts or omissions:

i.    Carelessly and negligently failed to reduce the speed of the train so as to avoid a collision;

ii.    Carelessly and negligently failed to engage the train whistle in order to warn the plaintiff of the oncoming train;

iii.    Carelessly and negligently failed to engage the emergency brakes when the gate failed to timely activate;

iv.    Carelessly and negligently failed to activate the train whistle so the plaintiff could take precautions and stop his vehicle;

28

    v.   Carelessly and negligently failed to keep a proper and sufficient lookout for automobiles that were likely to be on the tracks;

    vi.   Operated the train at a speed that was at a speed that was greater then was reasonable given the presenting circumstances;

    vii.   Carelessly and negligently failed to ensure the gates system was properly maintained;

    viii.   Carelessly and negligently allowed the train to enter the intersection when the gates had not be in the down position for enough time;

    ix.   Carelessly and negligently allowed the train to enter the intersection without the warning signals being continually activated for the proper period of time;

    x.   Were otherwise careless or negligence.

110.   As a direct and proximate result of the negligence acts or omissions of the Defendant, UNION PACIFIC RAILROAD COMPANY, through its agents, employees or contractor, while operating the METRA engine 160 struck the vehicle being operated by TIMOTHY JONES at the aforementioned railroad crossing.

111.    At all relevant time there was in force and effect a statute commonly known as the Wrongful Death Act (740 ILCS 180/1 et. seq.)

112.    CHRISTINE M. JONES, as duly appointed Special Administrator of the Estate of TIMOTHY JONES, brings this action under the Wrongful Death Act.

113.    As a direct and proximate cause of the careless and negligent acts or omissions of the Defendant's employees, agents and actual and apparent agents, the Plaintiff, TIMOTHY JONES , sustained serious and permanent injuries, both internally and externally, and he thereupon suffered great physical pain prior to his death.

114.    As a direct and proximate cause of the careless and negligent acts or omissions of the Defendant's employees, agents and actual and apparent agents, the Estate of TIMOTHY JONES, sustained serious damages, both emotional and monetary, as a result of his death.

WHEREFORE the Plaintiff, CHRISTINE M. JONES, individually and as SPECIAL ADMINISTRATOR OF THE ESTATE OF TIMOTHY JONES, prays for judgment in her favor and against the Defendant, UNION PACIFIC RAILROAD COMPANY, in an amount in excess of $50,000.00, plus costs of this lawsuit and all other appropriate relief.

**COUNT VII**
**WRONGFUL DEATH**
**LOSS OF CONSORTIUM**

30

Now comes CHRISTINE M. JONES, individually, by and through her attorneys WARNER LAW OFFICE and come complaining of the Defendant, UNION PACIFIC RAILROAD, as follows:

115.      That at all relevant time TIMOTHY JONES; decedent lived at One N. Chestnut Street, Hawthorne Woods, County of Lake, State of Illinois.

116.      That on or before June 27, 2002 TIMOTHY JONES was married to CHRISTINE M. JONES.

117.      At the time of his death TIMOTHY JONES was the father to four children. Kyle Jones born on January 21, 19 83; Kelcey Jones born on November 11, 1987; Kennedy Jones born on November 28, 1999 and Kolbie Jones born on April 25, 2001.

118.      CHRISTINE M. JONES, as duly appointed Special Administrator of the Estate of TIMOTHY JONES, brings this action. (Order Attached)

119.      On and prior to August 4, 2010 the Defendant, UNION PACIFIC RAILROAD, was a Delaware corporation whose principal place of business is in Omaha Nebraska that was licensed and qualified to do business in Cook County Illinois and was doing business in Cook County Illinois.

31

120. That at all relevant times the Defendant, UNION PACIFIC RAILROAD, was and is a corporation which by its charter owns and runs railroad operations for profit of its shareholders.

121. On and prior to August 4, 2010 the Defendant, UNION PACIFIC RAILROAD, owned, operated, maintained, inspected, managed and controlled certain railroad tracks that intersected River Roads near Miner Street in the city of Des Plaines, County of Cook, State of Illinois.

122. On and prior to August 4, 2010 the Defendant, UNION PACIFIC RAILROAD, designed, constructed, owned , maintained, inspected, managed, and controlled certain crossing gates and signals at the aforementioned railroad crossing that were designed to regulate railroad and automobile traffic at that crossing.

123. That on August 4, 2010 the aforementioned railroad crossing was open to the general public, including the decedent, TIMOTHY JONES.

124. That at all relevant time herein, the Defendant, UNION PACIFIC RAILROAD, owed Plaintiffs the duty, *inter alia*, to exercise ordinary and reasonable care in designing, constructing, inspecting, maintaining, repairing and operating the aforementioned crossing gates and signals in a reasonable safe condition.

125. That at all relevant time herein , the Defendant, UNION PACIFIC RAILROAD, owed Plaintiffs the duty, to provide at a minimum 20

32

seconds of continuous warning that a train was approaching the crossing prior to the train entering the crossing.

126.     That at all relevant time herein, the Defendant, UNION PACIFIC RAILROAD, owed Plaintiffs the duty that both of the railroad gates would be completely down for five seconds prior to the train entering the intersection.

127.     That at all relevant time herein, the Defendant, UNION PACIFIC RAILROAD, owed Plaintiffs the duty to provide a gate and warning system which would operate on a fail safe principal, keeping the gates down if the system malfunctioned.

128.     That on and before August 4, 2010 the gate and warning system had as one of its component parts a switch which had a motion detection component which allowed the gates once activated to go back up if the system did not detect movement of a train.

129.     That at all relevant time the Defendant, UNION PACIFIC RAILROAD, was contracted for profit with METRA to provide its railroad tracks and employee engineers to operate METRA's rolling stock.

130.     That at all relevant time herein, the Defendant, UNION PACIFIC RAILROAD, owed Plaintiffs the duty, to provide safe railroad tracks, warning systems and engineers who complied with all safe practices.

33

131.     At all relevant time herein the Defendant, UNION PACIFIC RAILROAD, owed Plaintiffs the duty, to activate the whistle if a car was between the railroad gates as a train was approaching the crossing.

132.     On or about August 4, 2010 the Defendant, UNION PACIFIC RAILROAD, by and through its employees, servants, and actual and apparent agents, breached the duty owed to TIMOTHY JONES by committing one or more of the following negligent acts or omissions:

    i. Carelessly and negligently failed to inspect and maintain the railroad the warning system;

    ii. Carelessly and negligently failed to properly design the railroad warning system to ensure that the system would operate under the fail safe principals;

    iii. Carelessly and negligently failed to ensure the warning system would give the public driving across the tracks twenty seconds of continuous warning prior to the train to reach the roadway;

    iv. Carelessly and negligently failed to properly maintain and inspect the railroad rails and warning system to ensure that it would not fail to provide proper time for the passenger vehicles to clear the intersection after the gates descended;

    v. Carelessly and negligently failed to properly inspect the railroad rails and warning system to ensure that the system

34

provided proper time for vehicles to clear the intersection after the system was activated;

vi.   Carelessly and negligently failed to ensure that if the system improperly shunted that the system would remain in the fail safe position until it could be ensured that the public would be safe prior to the train entering the roadway;

vii.  Carelessly and negligently failed to ensure that both of the gates remained in the full down position for at least five seconds prior to the train entering the roadway;

viii. Carelessly and negligently failed to ensure the gates system was properly maintained;

ix.   Carelessly and negligently failed to ensure that the gates system did not malfunction and

x.    Were otherwise careless or negligence.

133.   As a direct and proximate result of the negligent acts or omissions of the Defendant, through its agents, servants and/or employees, the aforementioned METRA engine 160 struck the vehicle being operated by TIMOTHY JONES at the aforementioned railroad crossing.

134.   At all relevant time there was in force and effect a statute commonly known as the Wrongful Death Act (740 ILCS 180/1 et. seq.)

35

135.     CHRISTINE M. JONES, as duly appointed Special Administrator of the Estate of TIMOTHY JONES, brings this action under the Wrongful Death Act.

136.     As a direct and proximate cause of the careless and negligent acts or omissions of the Defendant's employees, agents and actual and apparent agents, the Plaintiff, TIMOTHY JONES , sustained serious and permanent injuries, both internally and externally, and he thereupon suffered great physical pain prior to his death.

137.     As a direct and proximate cause of the careless and negligent acts or omissions of the Defendant's employees, agents and actual and apparent agents, the Plaintiff, TINA JONES, sustained serious damages, both emotional and monetary, as a result of her husband's death.

WHEREFORE the Plaintiff, CHRISTINE M. JONES, individually, prays for judgment in her favor and against the Defendant, UNION PACIFIC RAILROAD COMPANY, in an amount in excess of $50,000.00, plus costs of this lawsuit and all other appropriate relief.

## COUNT VIII
## RESPONDENT SUPERIOR
## UNION PACIFIC RAILROAD COMPANY
## LOSS OF CONSORTIUM

Now comes CHRISTINE M. JONES, individually, by and through her attorneys WARNER LAW OFFICE and come complaining of the Defendant, UNION PACIFIC RAILROAD, as follows:

36

138.    That at all relevant time TIMOTHY JONES, decedent lived at One N. Chestnut Street, City of Hawthorne Woods, County of Lake, State of Illinois.

139.    That at all relevant time the Defendant, STEVEN PIGNATO, was an employee of the Defendant, UNION PACIFIC RAILROAD COMPANY, and resided at 423 N. Washington Street, Janesville, Wisconsin.

140.    That on or before June 27, 2002 TIMOTHY JONES was married to CHRISTINE M. JONES.

141.    At the time of his death TIMOTHY JONES was the father to four children. Kyle Jones born on January 21, 19 83; Kelcey Jones born on November 11, 1987; Kennedy Jones born on November 28, 1999 and Kolbie Jones born on April 25, 2001.

142.    CHRISTINE M. JONES, as duly appointed Special Administrator of the Estate of TIMOTHY JONES, brings this action. (Order attached)

143.    On and prior to August 4, 2010 the Defendant, UNION PACIFIC RAILROAD, was a Delaware corporation whose principal place of business is in Omaha Nebraska that was licensed and qualified to do business in Cook County Illinois and was doing business in Cook County Illinois.

144.     That at all relevant time the Defendant, UNION PACIFIC
RAILROAD, was and is a corporation which by its charter owns
and runs railroad operations for profit of its shareholders.

145.     On and prior to August 4, 2010 the Defendant, UNION PACIFIC
RAILROAD, owned, operated, maintained, inspected, managed
and controlled certain railroad tracks that intersected River Roads
near Miner Street in the city of Des Plaines, County of Cook, State
of Illinois.

146.     On and prior to August 4, 2010 the Defendant, UNION PACIFIC
RAILROAD, designed, constructed, owned , maintained,
inspected, managed, and controlled certain crossing gates and
signals at the aforementioned railroad crossing that were designed
to regulate railroad and automobile traffic at that crossing.

147.     That on August 4, 2010 the aforementioned railroad crossing was
open to the general public, including the decedent, TIMOTHY
JONES.

148.     That at all relevant time herein, the Defendant, UNION PACIFIC
RAILROAD COMPANY, through its agents, employees or
contractor owed Plaintiffs the duty, *inter alia*, to exercise ordinary
and reasonable care in his operation of the train.

149.     That at all relevant time the Defendant, UNION PACIFIC
RAILROAD, was contracted for profit with METRA to provide its

railroad tracks and employee engineers to operate METRA's rolling stock.

150.     At all relevant time herein the Defendant, UNION PACIFIC RAILROAD COMPANY, through its agents, employees or contractor, owed Plaintiffs the duty, to activate the whistle if a car was between the railroad gates as a train was approaching the crossing.

151.     On or about August 4, 2010 the Defendant, UNION PACIFIC RAILROAD COMPANY, breached the duty owed to TIMOTHY JONES by committing one or more of the following negligent acts or omissions:

   i.   Carelessly and negligently failed to reduce the speed of the train so as to avoid a collision;

   ii.  Carelessly and negligently failed to engage the train whistle in order to warn the plaintiff of the oncoming train;

   iii. Carelessly and negligently failed to engage the emergency brakes when the gate failed to timely activate;

   iv.  Carelessly and negligently failed to activate the train whistle so the plaintiff could take precautions and stop his vehicle;

   v.   Carelessly and negligently failed to keep a proper and sufficient lookout for automobiles that were likely to be on the tracks;

39

vi.  Operated the train at a speed that was at a speed that was grater than was reasonable given the presenting circumstances;

vii.  Carelessly and negligently failed to ensure the gates system was properly maintained;

viii.  Carelessly and negligently allowed the train to enter the intersection when the gates had not be in the down position for enough time;

ix.  Carelessly and negligently allowed the train to enter the intersection without the warning signals being continually activated for the proper period of time;

x.  Were otherwise careless or negligent.

152.    As a direct and proximate result of the negligent acts or omissions of the Defendant, UNION PACIFIC RAILROAD COMPANY, through its agents, employees or contractor, while operating the METRA engine 160 struck the vehicle being operated by TIMOTHY JONES at the aforementioned railroad crossing.

153.    At all relevant time there was in force and effect a statute commonly known as the Wrongful Death Act (740 ILCS 180/1 et. seq.)

154.    CHRISTINE M. JONES, as duly appointed Special Administrator of the Estate of TIMOTHY JONES, brings this action under the Wrongful Death Act.

155.   As a direct and proximate cause of the careless and negligent acts or omissions of the Defendant's employees, agents and actual and apparent agents, the Plaintiff, TIMOTHY JONES , sustained serious and permanent injuries, both internally and externally, and he thereupon suffered great physical pain prior to his death.

156.   As a direct and proximate cause of the careless and negligent acts or omissions of the Defendant's employees, agents and actual and apparent agents, the Plaintiff, CHRISTINE M. JONES, sustained serious damages, both emotional and monetary, as a result of her husband's death.

WHEREFORE the Plaintiff, CHRISTINE M. JONES, individually, prays for judgment in her favor and against the Defendant, UNION PACIFIC RAILROAD COMPANY, in an amount in excess of $50,000.00, plus costs of this lawsuit and all other appropriate relief.

### IX
### WRONGFUL DEATH
### STEVEN PIGNATO
### LOSS OF CONSORTIUM

Now comes CHRISTINE M. JONES, individually, by and through her attorneys WARNER LAW OFFICE and come complaining of the Defendant, STEVEN PIGNATO, as follows:

157.   That at all relevant times TIMOTHY JONES; decedent lived at One N. Chestnut Street, Hawthorne Woods, County of Lake, State of Illinois.

41

158.    That at all relevant time, the Defendant, STEVEN PIGNATO, was an employee of the Defendant, UNION PACIFIC RAILROAD COMPANY, and resided at 423 N. Washington Street, Janesville, Wisconsin.

159.    That on or before June 27, 2002 TIMOTHY JONES was married to CHRISTINE M. JONES.

160.    At the time of his death TIMOTHY JONES was the father to four children.   Kyle Jones born on January 21, 19 83;  Kelcey Jones born on November 11, 1987;  Kennedy Jones born on November 28, 1999 and Kolbie Jones born on April 25, 2001.

161.    CHRISTINE M. JONES, as duly appointed Special Administrator of the Estate of TIMOTHY JONES, brings this action. (Order Attached)

162.    On and prior to August 4, 2010 the Defendant, UNION PACIFIC RAILROAD, was a Delaware corporation whose principal place of business is in Omaha Nebraska that was licensed and qualified to do business in Cook County Illinois and was doing business in Cook County Illinois.

163.    That at all relevant time the Defendant, UNION PACIFIC RAILROAD, was and is a corporation which by its charter owns and runs railroad operations for profit of its shareholders.

164.    On and prior to August 4, 2010 the Defendant, UNION PACIFIC RAILROAD, owned, operated, maintained, inspected, managed

42

and controlled certain railroad tracks that intersected River Roads near Miner Street in the city of Des Plaines, County of Cook, State of Illinois.

165.     That at all relevant time the Defendant, STEVEN PIGNATO, resided at 423 N. Washington Street, Janesville, Wisconsin.

166.     On and prior to August 4, 2010 the Defendant, UNION PACIFIC RAILROAD, designed, constructed, owned, maintained, inspected, managed, and controlled certain crossing gates and signals at the aforementioned railroad crossing that were designed to regulate railroad and automobile traffic at that crossing.

167.     That on August 4, 2010 the aforementioned railroad crossing was open to the general public, including the decedent, TIMOTHY JONES.

168.     STEVEN PIGNATO, owed Plaintiffs the duty, *inter alia*, to exercise ordinary and reasonable care in his operation of the train.

169.     That at all relevant time the Defendant, UNION PACIFIC RAILROAD, was contracted for profit with METRA to provide its railroad tracks and employee engineers to operate METRA's rolling stock.

170.     At all relevant time herein the Defendant, STEVEN PIGNATO, owed Plaintiffs the duty, to activate the whistle if a car was between the railroad gates as a train was approaching the crossing.

43

171.     On or about August 4, 2010 the Defendant, STEVEN PIGNATO, breached the duty owed to TIMOTHY JONES by committing one or more of the following negligent acts or omissions:

i.   Carelessly and negligently failed to reduce the speed of the train so as to avoid a collision;

ii.  Carelessly and negligently failed to engage the train whistle in order to warn the plaintiff of the oncoming train;

iii. Carelessly and negligently failed to engage the emergency brakes when the gate failed to timely activate;

iv.  Carelessly and negligently failed to activate the train whistle so the plaintiff could take precautions and stop his vehicle;

v.   Carelessly and negligently failed to keep a proper and sufficient lookout for automobiles that were likely to be on the tracks;

vi.  Operated the train at a speed that was at a speed that was grater than was reasonable given the presenting circumstances;

vii. Carelessly and negligently failed to ensure the gates system was properly maintained;

viii. Carelessly and negligently allowed the train to enter the intersection when the gates had not be in the down position for enough time;

ix. Carelessly and negligently allowed the train to enter the intersection without the warning signals being continually activated for the proper period of time;

x. Were otherwise careless or negligent.

172. As a direct and proximate result of the negligence acts or omissions of the Defendant, STEVEN PIGNATO, while operating the METRA engine 160 struck the vehicle being operated by TIMOTHY JONES at the aforementioned railroad crossing.

173. At all relevant time there was in force and effect a statute commonly known as the Wrongful Death Act (740 ILCS 180/1 et. seq.)

174. CHRISTINE M. JONES, as duly appointed Special Administrator of the Estate of TIMOTHY JONES, brings this action under the Wrongful Death Act.

175. As a direct and proximate cause of the careless and negligent acts or omissions of the Defendant's employees, agents and actual and apparent agents, the Plaintiff, TIMOTHY JONES , sustained serious and permanent injuries, both internally and externally, and he thereupon suffered great physical pain prior to his death.

176. As a direct and proximate cause of the careless and negligent acts or omissions of the Defendant's employees, agents and actual and apparent agents, the Plaintiff, CHRISTINE M. JONES, sustained

45

serious damages, both emotional and monetary, as a result of her husband's death.

WHEREFORE the Plaintiff, CHRISTINE M. JONES, individually, prays for judgment in her favor and against the Defendant, UNION PACIFIC RAILROAD COMPANY, in an amount in excess of $50,000.00, plus costs of this lawsuit and all other appropriate relief.

Respectfully submitted;

By: _____
Shawn A. Warner

WARNER LAW OFFICE
155 N. Michigan Avenue, Suite 700
Chicago, Illinois 60601
(312) 729-5400
Attorney Number: 40025

46

IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
LAKE COUNTY, ILLINOIS

ESTATE OF )
) Gen No. __11 P 249__
KENNEDY JONES, )
a minor )

MAR 24 2011

*CIRCUIT CLERK*

ORDER APPOINTING GUARDIAN
OF THE ESTATE OF A MINOR AND AUTHORIZING
DEPOSIT OF FUNDS FROM DECEDENT'S ESTATE

This cause coming to be heard on the verified Petition of CHRISTINE M. JONES as parent of KENNEDY JONES, a minor, and it appearing that said minor is entitled to a distribution from the estate of the minor's deceased father.

IT IS HEREBY ORDERED THAT:

1.  CHRISTINE M. JONES is appointed Guardian of the Estate of KENNEDY JONES, a minor;

2.  That as said Guardian of the Estate, CHRISTINE M. JONES is authorized to receipt to the estate of TIMOTHY M. JONES, deceased, for the said minor's share of the estate;

3.  That the sum of $60,642.87 be deposited in Merrill Lynch Wealth Management and the name of the aforesaid appointed guardian for the benefit of the estate of KENNEDY JONES, a minor, no part of said sum to be withdrawn without approval by a Court Order or until the minor reaches her majority on November 28, 2017;

4.  That CHRISTINE M. JONES as Guardian of the Estate of the aforesaid KENNEDY JONES, a minor, shall file a bond in the amount of $92,000 pending a proper deposit of the minor's funds in the aforesaid financial institution, acknowledging receipt of the aforesaid sum and a copy of this Order of Court approving settlement at which time the aforesaid bond may be cancelled.

DATED this ____ day of _____, 2011.

WAYNE L. WINTER

ENTER_____

Robert J. Ryan
Ste 303, 560 Green Bay Road
Winnetka, IL 60093
847 441-7780

wpd\ESTATES\JonesKennedyOrderApptGuard 3/21/11

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION**

CHRISTINE M. JONES, individually and )
SPECIAL ADMINISTRATOR OF )
THE ESTATE OF TIMOTHY JONES, )
                 )
       Plaintiffs, )    No.    2012L000011
                 )                CALENDAR/ROOM H
   vs. )                TIME 00:00
                 )                Railroad FELA
UNION PACIFIC RAILROAD COMPANY)
AND STEVEN PIGNATO, )    **PLAINTIFF DEMANDS**
                 )    **TRIAL BY JURY**
       Defendants. )

### JURY DEMAND

    The undersigned, as attorney, demands trial by jury on behalf of Plaintiff,

CHRISTINE M. JONES, individually and as SPECIAL ADMINISTRATOR OF THE

ESTATE OF TIMOTHY JONES.

                Respectfully Submitted;

                Shawn A. Warner

**WARNER LAW OFFICE**
**155 N. Michigan Avenue**
**Suite 700**
**Chicago, Illinois 60601**
**(312) 729-5400**
**Attorney Number: 40025**