# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CHRISTINE M. JONES, individually and as SPECIAL ADMINISTRATOR OF THE ESTATE OF TIMOTHY JONES,<br>    Plaintiff,<br><br>v.<br><br>UNION PACIFIC RAILROAD COMPANY and STEVEN PIGNATO,<br>    Defendants. | Case No. 12 C 771<br><br>District Judge Joan H. Lefkow<br><br>Magistrate Judge Geraldine Soat Brown |

## ORDER

For the reasons set out in this order, Plaintiff's Motion for Leave to Take Limited Additional Discovery Related to Crossing Gate Malfunctions on February 12, 2014 and February 13, 2014 [83] and Plaintiff's Motion for Leave to Take Limited Additional Discovery Related to the Metra Train-Car Collision of February 17, 2014 [85] are denied.

## Statement

Before the court are plaintiff Christine Jones's motions to take additional discovery about alleged crossing gate malfunctions on February 12 and 13, 2014 [dkt 83] and a collision between a car and a Metra train on February 17, 2014 [dkt 85]. The motions are within the scope of the District Judge's referral to this court. [Dkt 91.] For the following reasons, Jones's motions are denied.

1

**Background**

The facts summarized here are discussed in further detail in this court's order dated January 6, 2014. (Order, Jan. 6, 2014.) [Dkt 81.] In August 2010, plaintiff Christine Jones's husband was killed when his car collided with a train owned by Union Pacific Railroad Company ("Union Pacific") and operated by engineer Steven Pignato. (*Id.* at 1.) The collision occurred at the River Road crossing in Des Plaines, Illinois. (Compl. ¶ 7.) [Dkt 4.] Jones alleges that Union Pacific negligently failed to maintain its railroad warning system and crossing gates; Union Pacific asserts that Jones was at fault because the warning lights at the crossing were active and the gates were down at the time of the collision. (Order, Jan. 6, 2014, at 2.)

Discovery began in this case in mid-2012, with an initial closing date for non-expert discovery of November 30, 2012. [Dkt 15.] That deadline was extended twice at Jones's request, until June 21, 2013. [Dkt 25, 37.] Jones moved to extend discovery a third time on June 20, 2013 [dkt 51], but the District Judge denied that request. [Dkt 59.]

Before the closure date, the parties engaged in considerable discovery. According to defendants, they disclosed 42 people who may have discoverable information, responded to seven sets of discovery requests and two sets of requests to admit, and made ten separate productions of documents. (Def.'s Resp. at 2-3.) [Dkt 87.] The parties also took 22 depositions, including the depositions of Union Pacific's Manager of Signal Maintenance and one of its signal maintainers. (*Id.* at 3.) Additionally, this court issued rulings on two discovery motions. First, the court granted in part and denied in part Jones's motion to compel discovery of the hard drive from a video recorder on the train involved in the collision. [Dkt 41, 57.] Second, the court denied Jones's

motion to bar a video taken from that recorder at the time of accident that does not show the vehicle but does show the gates down and the lights activated. (Order, Jan. 6, 2014.)

**Legal Standard**

The federal rules allow parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Nonetheless, discovery has "ultimate and necessary boundaries." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). Discovery is limited to information that "appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Rule 26(b)(2)(C) also requires a court to limit discovery "if it determines that (1) the discovery sought is unreasonably cumulative or can be obtained from a source that is more convenient; (2) that the party seeking discovery has had ample opportunity to obtain the information; or (3) the burden of the proposed discovery outweighs its likely benefit." *Parker v. Four Seasons Hotels, Ltd.*, 291 F.R.D. 181, 183 (N.D. Ill. 2013). Further, district courts retain "broad discretion to tailor discovery narrowly and to dictate the sequence of discovery." *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998).

**Discussion**

In her first motion, Jones asks for additional discovery about gate malfunctions that her attorney observed in February 2014 at the Dee Road Metra station, which is on the same train line but is not the crossing at issue here. [Dkt 83.] Jones argues that the electronic data from the Dee Road gates is relevant because it will show whether Union Pacific can reliably record whether a gate is properly functioning. (Pl.'s Reply at 4-5.) [Dkt 95.] She also argues that the video recorded from passing trains is relevant to how the train video recorders capture gate movements. (*Id.* at 6.)

In the second motion, Jones seeks discovery about a collision that took place in February 2014 at the same River Road crossing at issue here. [Dkt 85.] Cellphone video from an eyewitness shows a train hitting a vehicle stuck in the crossing on a snowy day. (*Id.* at 2, citing http://www.today.com/id/49063771/#54423826.) Jones speculates that a person dressed in orange in the background of the video is a Union Pacific employee who may have relevant information about a potential gate malfunction. (*Id.*) Jones also argues that data regarding the February 2014 collision is relevant because it is similar to her theory about how the collision involving her husband occurred, and the data might shed light on whether the Union Pacific's video recorders should have captured Mr. Jones's collision. (*Id.* at 2-3; Pl.'s Reply at 4.)

Shortly after the two February 2014 incidents, Jones's counsel requested that Union Pacific preserve electronic data relating to the incidents. (Defs.' Resp., Ex. 2.) Defendants took steps to preserve the information, including downloading track image recordings and documentation relating to the crossing warning system. (Defs.' Resp. at 8.) Jones now seeks to pursue discovery about February 2014 incidents, including, *inter alia,* maintenance records and identity of persons who were performing work on the River Road crossing gates and any dispatcher tape that contains any discussion of any problem with the Dee Road station gate or the River Road gates. (Pl.'s Mot. at 3.)

The court is not persuaded that the facts surrounding the alleged malfunctions and the collision in February 2014 are relevant. Jones offers nothing but speculation to support her theory that the additional evidence she seeks might reveal some sort of discrepancy related to the data or video produced concerning her husband's collision. As defendants point out, the incidents discussed in Jones's motions occurred more than three-and-a-half years after Mr. Jones's collision. (Def.'s Resp. at 5-7.) They also arose under different circumstances: Mr. Jones's collision occurred during

4

summer, but the recent incidents occurred during winter. Also, the warning system at the Dee Road crossing is different from that at the River Road crossing, according to Robert Fleagle, Union Pacific's Manager of Signal Maintenance. (Defs.' Resp., Ex. 4, Aff. Robert Fleagle ¶ 10.) Because of these differences, even if additional discovery revealed some flaws in Union Pacific's current warning-signal system or gate closure, or some sort of discrepancy between the data from these recent events and the data from Mr. Jones's collision, it would be too different in circumstance and remote in time to be evidence of conditions at the time of Mr. Jones's collision. Accordingly, Jones's motions are denied as not reasonably calculated to lead to the discovery of admissible evidence. *See EEOC v. Harvey L. Walner & Assocs.*, 91 F.3d 963, 971 (7th Cir. 1996) (noting that "discovery is not to be used as a fishing expedition"); *Bond v. Utreras*, No. 04 C 2617, 2006 WL 695447 at *9 (N.D. Ill. Mar. 10, 2006) (denying discovery request as "too remote in relevance and time").

Moreover, the factors set out in Rule 26(b)(2)(C) also require that Jones's request be denied. Fact discovery closed ten months ago after the parties had exchanged information for well over a year. During that time, Jones had ample opportunity to depose the four signal department employees listed in defendants' Rule 26 disclosures, and ultimately deposed two of those employees. (Def.'s Resp. at 9.) Those depositions allowed Jones to collect evidence about the reliability of the electronic data collected at Union Pacific gate crossings. Reopening discovery now would impose an unreasonable burden on Union Pacific, which has already spent more than five hours of employee time to find and download the data relating to the February 2014 incidents at the request of Jones's counsel. (*Id.* at 8-9.) Requiring Union Pacific to produce the data already gathered might appear costless, but as Jones's request demonstrates, that production would be just the starting point

5

for discovery about the February 2014 incidents. The electronic data alone would be meaningless without proper examination and interpretation of the data. Jones's request for the identity of persons doing maintenance work on the River Road gates foreshadows depositions about the maintenance of the gates and systems in the years since Mr. Jones's death.

To allow discovery relating to the February 2014 incidents would open the door to a substantial investment of time and expense to learn about incidents quite remote from the one at issue, ultimately delaying the resolution of this two-year-old case. Because Jones had ample opportunity to gather evidence on the systems as they existed at the time of Mr. Jones's collision, and the burden of collecting new information outweighs any arguable potential benefit, Jones's request is denied under Rule 26. *See ADT Sec. Servs., Inc. v. Pinnacle Sec., LLC*, No. 10 C 7467, 2012 WL 1597383 at *3 (N.D. Ill. May 7, 2012) (denying request for additional depositions when party already had ample opportunity to obtain information); *Howard v. Urban Inv. Trust, Inc.*, No. 03 C 7668, 2011 WL 976767 at *2 (N.D. Ill. 2011) (denying request for additional interrogatories where it would create unnecessary delay and expense and information was "more appropriately" obtained through deposition).

**Conclusion**

For the reasons stated above, plaintiff's motions to take additional discovery are denied.

/s/ GERALDINE SOAT BROWN
United States Magistrate Judge

Date: May 1, 2014