UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRISTINE M. JONES, individually and SPECIAL ADMINISTRATOR OF THE ESTATE OF TIMOTHY JONES, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 1:12–cv–00771 ) |
| UNION PACIFIC RAILROAD COMPANY, | ) ) |
| Defendant. | ) |

**DEFENDANT UNION PACIFIC RAILROAD COMPANY'S MOTION
FOR JUDGMENT AS A MATTER OF LAW**

Pursuant to Rule 50 of the Federal Rules of Civil Procedure, Defendant Union Pacific Railroad Company ("Union Pacific") respectfully moves for judgment as a matter of law.

## INTRODUCTION

Plaintiff has failed to meet her burden to establish that Union Pacific did anything to cause or contribute to cause the death of Timothy Jones (Jones). To the contrary, the facts establish that Jones' death was the result of his own conduct, and not that of Union Pacific or its employee, Steven Pignato (Pignato). Union Pacific requests that this Court grant is motion for judgment as a matter of law because (1) Jones' conduct was the sole cause of this accident, (2) Jones was contributorily negligent, (3) there is no evidence that Union Pacific had any notice of a problem with the crossing warning system before the accident occurred, and (4) there is insufficient evidence to establish that Pignato operated the train negligently.

## STANDARD

Federal Rule of Civil Procedure 50(a)(1) provides as follows:

> If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may:
>
> (A)  resolve the issue against the party; and
>
> (B)  grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.

Fed.R.Civ.P. 50(a)(1). In other words, the evidence must provide a sufficient basis from which the jury could reasonably reach a verdict "without speculation or drawing unreasonable inferences which conflict with the undisputed facts." *Maltby v. Winston*, 36 F.3d 548, 558 (7th Cir. 1994). No such evidence has been presented against Union Pacific.

## ARGUMENT

### I. PLAINTIFF HAS ESTABLISHED THAT JONES' CONDUCT WAS THE SOLE CAUSE OF THIS ACCIDENT.

The parties in this case agreed to certain facts that were presented to the jury as uncontested. Dkt. No. 220 (Final Pretrial Order). Included in those facts is that when Jones was in the left turn late at River and Miner "the traffic control light was red and the three no left turn signals were activated, prohibiting a left hand turn." *Id.* In addition, the parties agree that although "[t]he three no left turn signals remained illuminated even after the traffic signal light allowing for thru traffic turned green[,] Mr. Jones made a left hand turn and proceeded into the railroad crossing." *Id.* This evidence undisputedly establishes that Jones' accident was caused by his failure to obey the traffic signals at the River Road Crossing (the Crossing). By making a left turn, Jones disobeyed the law and put himself in the path of the train. The no left turn signals were not an invitation for Jones to make the left turn and stop before the tracks—he was required to comply with the law and remain in the left turn lane until given permission to enter the

crossing. Simply put, there is no question that if Jones had obeyed the no left turn signals, and remained stopped in the left turn lane, this accident would not have occurred.

Although proximate cause is typically a question of fact, "it becomes a question of law where the undisputed facts are such that no reasonable person could infer that a defendant's acts were the cause of a plaintiff's injuries." *Sheahan v. Ne. Ill. Reg'l Commuter R.R. Corp.*, 212 Ill. App. 3d 732, 737, 571 N.E.2d 796, 799 (1st Dist. 1991). Where a decedent fails to heed the active warning signals that were properly given, then it is appropriate to find that his actions were the sole proximate cause of the accident. *Id.* at 737, 799.

In *Sheahan*, the decedent was killed when he drove in front of an oncoming train, disobeying flashing red crossing lights. *Id.* at 733–34. The trial court granted summary judgment on behalf of the defendant, which argued that the decedent's own actions were the proximate cause of the accident. *Id.* at 734–35. The appellate court affirmed, finding that "plaintiff's failure to heed the warnings given was the sole and proximate cause of the accident." *Id.* at 738, 800.

The same reasoning applied in *Nunez v. BNSF Ry. Co.*, 936 F. Supp. 2d 969 (C.D. Ill. 2012), where the decedent also failed to heed the warnings of the oncoming train. *Id.* at 974. There, the decedent found her car stalled on the railroad tracks, before a train began to approach. When the train's approach activated the crossing warning system, the decedent failed to exit her car and move to safety. *Id.* at 980. Based on this, the Court found that "in light of the fact that the evidence shows she had more than [20 seconds], any legal causation argument fails," and summary judgment in favor of the railroad was appropriate. *Id.*

Given Jones' failure to comply with the no left turn signals, and his decision to place himself into harm's way, no reasonable person could find that the accident occurred because of the conduct of Union Pacific. Therefore, Defendant is entitled to judgment as a matter of law.

## II. UNION PACIFIC IS ENTITLED TO JUDGMENT AS A MATTER OF LAW ON PLAINTIFF'S CONTRIBUTORY NEGLIGENCE.

The evidence in this case establishes that after Jones disobeyed the no left turn lights, he proceeded at a steady speed across all three tracks and directly in front of the approaching train. There is no evidence that he attempted to swerve or avoid the accident. Further, the video of the accident and the downloads from the crossing warning system establish that the crossing warning system was operating as intended and in compliance with all applicable rules and regulations. Although Hank Kolak (Kolak) testified that he did not see the gates down before the accident, such testimony should be disregarded as his story "is blatantly contradicted by the record, so that no reasonable jury [can] believe it." *Scott v. Harris*, 550 U.S. 372, 380 (2007); see also *Williams v. Brooks*, 809 F.2d 936 (7th Cir. 2016) ("When the relevant evidence includes a videotape of the relevant events, the Court should not adopt the nonmoving party's version of the events when that version is blatantly contradicted by the videotape.") As the video clearly establishes that the gates were down and the lights were flashing, and there is no evidence that *this* video was altered, it is clear that Kolak is simply incorrect. Because the evidence establishes that Jones not only disobeyed the no left turn signal, he also disobeyed the crossing warning system, there can be no question that Jones' actions contributed to this accident.

In circumventing the crossing warning system, Jones violated a statute designed for the protection of human life and property, and "[s]uch a violation is prima facie evidence of negligence." *Hamilton v. Atchison, Topeka & Santa Fe Ry. Co.*, 175 Ill. App. 3d 758, 760, 530 N.E.2d 268, 269 (Ill. App. Ct. 1988). Specifically, Jones' failure to stop within 50 feet but not less than 15 feet from the nearest rail and not proceed until it was safe to do so was a clear violation of Section 11–1201 of the Illinois Vehicle Code, 625 ILCS 5/11–1201, and *prima facie* evidence of his own negligence. This Section provides, in pertinent part:

4

(a) Whenever any person driving a vehicle approaches a railroad grade crossing where the driver is not always required to stop, *the person must exercise due care and caution as the existence of a railroad track across a highway is a warning of danger*, and under any of the circumstances stated in this Section, the driver *shall stop within 50 feet but not less than 15 feet from the nearest rail* of the railroad and shall not proceed until the tracks are clear and he or she can do so safely. The foregoing requirements shall apply when:

1. A clearly visible electric or mechanical signal device gives warning of the immediate approach of a railroad train or railroad track equipment;

2. A crossing gate is lowered or a human flagman gives or continues to give a signal of the approach or passage of a railroad train or railroad track equipment;

3. A railroad train approaching a highway crossing emits a warning signal and such railroad train, by reason of its speed or nearness to such crossing, is an immediate hazard;

4. An approaching railroad train is plainly visible and is in hazardous proximity to such crossing;

5. A railroad train is approaching so closely that an immediate hazard is created.

* * *

(b) No person shall drive any vehicle through, around or under any crossing gate or barrier at a railroad crossing while such gate or barrier is closed or is being opened or closed.

* * *

625 ILCS 5/11-1201 (*emphasis added*).

Illinois courts "have consistently recognized that railroad crossings are dangerous places and that in crossing them a person must exercise a degree of care commensurate with the danger to be anticipated. A person traversing a railroad crossing has a duty to look and listen for an approaching train." *Hamilton*, 175 Ill.App.3d at 269–70. Where the driver ignores the warning signals and proceeds across the tracks, his own conduct is the sole proximate cause of the resulting accident, and judgment is proper in favor of the railroad. *Id*. at 270. In the present case, Plaintiff's evidence demonstrates that the Jones violated multiple subsections of 5/11–1201, and

judgment as a matter of law is proper in favor of Union Pacific' on Plaintiff's contributory negligence.

Furthermore, even if the crossing gate was malfunctioning, a motorist has no right to rely solely on the fact that the crossing signaling device is not operating as an indication of safety and he is guilty of contributory negligence as a matter of law in crossing the railroad track without taking further precautions for his safety, such as looking and listening for the presence of trains. *Groesch v. Gulf, M. & O. R. Co.*, 241 F.2d 698, 701 (7th Cir. 1957) (applying Illinois law; directed verdict in favor of the railroad affirmed); *Davis v Chicago, R. I. & P. R. Co.*, 172 F Supp 752 (S.D.Ill. 1959), *affd* 273 F.2d 434 (7th Cir. 1960) (applying Illinois law; plaintiff could not rely on malfunctioning signals; plaintiff was guilty of contributory negligence and judgment should be entered in favor of the railroad notwithstanding the verdict). Even if this Court were to find that there is evidence that the crossing warning system was not operating, which Union Pacific denies, it is clear that Jones failed to take any further precautions for his safety. Thus, Union Pacific is entitled to judgment as a matter of law on Jones' contributory negligence.

### III. PLAINTIFF HAS NOT PRESENTED LEGALLY SUFFICIENT EVIDENCE TO PROVE NOTICE/FORESEEABILITY.

Plaintiff presented one piece of evidence in an attempt to establish that the crossing warning system was not operating at the time of the accident: Kolak's testimony. She has not presented any evidence, however, that Union Pacific had any notice that there was a problem with the crossing warning system. To the contrary, the evidence has been that there was no exception taken to the operation of the crossing warning system in the year prior to this accident. Therefore, judgment as a matter of law is proper in favor of Union Pacific because Plaintiff has not satisfied the element of foreseeability. As this is not a case of strict liability, Plaintiff's failure

to establish that Union Pacific was on notice of any problem with the crossing warning device is fatal to her claim.

In a crossing accident case, an Illinois appellate court has held that "even if [the jury] were to find that the signals failed, that fact alone would not constitute negligence on the part of defendant under the prevailing rule in this state, for it must appear that defendant had *actual or constructive notice of the defect*, and no such evidence was submitted in this case." *Applegate v. Chicago & N. W. Ry. Co.*, 334 Ill. App. 141, 151, 78 N.E.2d 793, 798 (Ill. App. Ct. 1948) (*emphasis added*); see also *Hamilton v. Atchison, Topeka & Santa Fe Ry. Co.*, 175 Ill. App. 3d 758, 760, 530 N.E.2d 268, 269 (Ill. App. Ct. 1988) (Affirming trial court's granting of summary judgment on behalf of the railroad where there was no evidence that the railroad had notice of the "alleged defects in the crossing."). This standard applies not only in Illinois, but also in other states and jurisdictions addressing the same issue. *Robinson v. Missouri Pac. R.R. Co*., 16 F.3d 1083 (10th Cir. 1994); *Robin Express Transfer, Inc. v. Canton R.R. Co.*, 26 Md. App. 321, 338 A.2d 335 (1975); *Goldscheiter v. Baltimore & O.R. Co.,* 153 Pa. Super. 141, 33 A.2d 477 (1943); *Teague v. St. Louis Southwestern Ry. Co.,* 36 F.2d 217 (5th Cir. 1929). Legal treatises have said the same: "in order to charge a railroad company with negligence based on the failure of a crossing signaling device to operate, it must be shown that the company had notice, actual or constructive, of such failure to operate and had an opportunity to correct the situation." 90 A.L.R.2d 350, § 5 (collecting cases).

Plaintiff has not provided any evidence that Union Pacific had prior notice of any problem with the gate malfunctioning or needing maintenance. Therefore, even if one were to believe that there was a malfunction with the crossing warning system—which Union Pacific

denies—that malfunction was not foreseeable, Plaintiff has failed to meet her burden, and Union Pacific is entitled to judgment as a matter of law.

IV. **PLAINTIFF HAS FAILED TO PRESENT EVIDENCE OF PIGNATO'S NEGLIGENCE.**

Plaintiff has failed to present any evidence that Pignato's operation of the train on the date and at the time of the accident was negligent or in any way caused the accident. Plaintiff's claim with respect to the operation of the train presents three issues: (1) whether Pignato failed to maintain a proper lookout as he approached the crossing, (2) whether his failure to sound his horn constituted negligence, (3) whether Pignato had any opportunity to take any action to prevent this accident from occurring.

Plaintiff has failed to establish that Pignato failed to maintain a proper lookout as he approached the crossing. Pignato testified that he complied with his responsibilities as he approached the crossing by visualizing the crossing and verifying that the crossing warning system was operating. Having confirmed that the crossing warning system was operating, he was entitled to presume that any car would heed the warnings and not enter the crossing until given the permission to do so. *Rakers v. Southern Ry. Co.*, 8 Ill. App. 3d 877, 887–88, 290 N.E.2d 421, 429 (5th Dist. 1972) (An engineer is "allowed to presume that the vehicle will yield the right of way until such time as it becomes apparent that the vehicle has not heard or will not heed the signal."); see also *Sheahan*, 212 Ill. App. 3d at 737, 571 N.E.2d at 799; and see *Rasmusen v. White*, 970 F. Supp. 2d 807, 823 (7th Cir. 2013) (An engineer has no duty to stop his train "until it [becomes] apparent that the plaintiff had not heard or would not heed the signal."); see also *Espinoza*, 165 Ill.2d at 115, 649 N.E.2d at 1326–27. That Pignato did not see Jones' car until just before the accident occurred is not evidence of negligence, because it does not establish that he failed to maintain a proper lookout. Indeed, as Plaintiff's own train handling expert, Paul Byrnes

(Byrnes), testified, an engineer has multiple tasks as he approaches a crossing, including setting his train up for a station stop, looking at both sides of the crossing, and monitoring all of his gauges. There is no evidence in this case to establish that Pignato failed to maintain a proper lookout, and Union Pacific is therefore entitled to judgment as a matter of law on that issue.

Similarly, there is no evidence that Pignato's failure to sound his horn prior to this accident occurring was negligent. There are four undisputed facts that are relevant to the question of whether Pignato's failure to sound his horn is evidence of negligence: (1) this crossing is in a quiet zone where routine sounding of horns is prohibited, (2) an engineer may sound his horn if an emergency situation arises, (3) Pignato did not see Jones' car until just before the accident occurred, and (4) rather than sound his horn, Pignato placed the train into emergency in an attempt to stop the train. These facts establish that Pignato's failure to sound the horn is not evidence of negligence. Further, Byrnes agreed that if an emergency situation arose because a car was in the crossing, Pignato's responsibility was first to attempt to stop the train as quickly as he could, and then to provide as much audible warning as possible. As Pignato placed the train into emergency just before the accident occurred, he complied with his duty as an engineer. Therefore, Union Pacific is entitled to judgment as a matter of law.

Finally, Plaintiff has failed to present any evidence that Pignato could have prevented this accident from occurring. The facts in this case establish that Pignato verified that the crossing warning system was operating before he reached the crossing, and he therefore had no reason to stop the train before he reached the crossing. In addition, the facts establish that once he saw Jones' car, he had no opportunity to stop the train before the collision occurred. Indeed, both Byrnes and Loumiet admitted that once Pignato saw Jones' car, he had no ability to stop his train. As the engineer cannot be deemed to have been negligent if he "could not have prevented

the accident after realizing that a vehicle is not going to yield to the train," Union Pacific is entitled to judgment as a matter of law on this issue. *Rasmusen*, 970 F. Supp. 2d at 825.

WHEREFORE, for the foregoing reasons, Defendant Union Pacific Railroad Company respectfully requests an Order granting judgment as a matter of law in its favor, and for further relief deemed just and proper.

Dated:  September 26, 2016                              Respectfully submitted,

By:     s/Elizabeth A. Graham
One of the Attorneys for
Union Pacific Railroad Company

Elizabeth A. Graham, #06292904
Union Pacific Railroad Company
101 North Wacker Drive, Room 1920
Chicago, IL 60606
Tel: 312.777.2056
Fax: 877.213.4433
eashansk@up.com

Thomas E. Jones, #03123230
Thompson Coburn LLP
525 West Main Street
P.O. Box 750
Belleville, Illinois  62222–0750
Tel: 618.277.4700
Fax: 618.236.3434
tjones@thompsoncoburn.com

*Attorneys for Union Pacific Railroad Company*

## CERTIFICATE OF SERVICE

   I hereby certify that a true and correct copy of the foregoing instrument has been served via the Court's ECF system on all counsel of record in accordance with the Federal Rules of Civil Procedure on September 26, 2016.

              By: <u>s/ Elizabeth A. Graham</u>